**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 24 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ION DONI, AKA Johnny Doni,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 18-70392<br><br>Agency No. A206-356-453<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 3, 2020
Seattle, Washington

Before: IKUTA, R. NELSON, and HUNSAKER, Circuit Judges.

Petitioner Ion Doni seeks review of the Board of Immigration Appeals

("BIA") order affirming the immigration judge's denial of asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition for review.

Doni seeks asylum and withholding relief based on persecution he alleges he

will likely suffer as a member of a particular social group "comprised of his family

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

members who are targeted by corrupt police officers." This claim is not properly before us. The Immigration and Nationality Act mandates exhaustion of immigration claims as a jurisdictional prerequisite. *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004); *see* 8 U.S.C. § 1252(d)(1). Doni did not raise this proposed particular social group with the BIA, which precludes us from reaching the merits of any request for relief on this ground. *See Barron*, 358 F.3d at 677–78.

Doni also claims he is entitled to asylum and withholding relief because he is likely to be persecuted for an imputed political opinion as a potential whistleblower. We disagree. Crucial to a claim for relief based on an *imputed* political opinion is proof of (1) the alleged persecutor's perception of the petitioner's political opinions and (2) the alleged persecutor's motive, demonstrating a nexus between the potential for harm and the perceived opinion. *Singh v. Barr*, 935 F.3d 822, 825–26 (9th Cir. 2019). Here, the BIA correctly found that Doni failed to show an imputed political opinion, or a nexus between potential harm and any imputed political opinion. Doni provided no direct or circumstantial evidence of the alleged persecutors' motive. *See id.* (requiring evidence of persecutor's motive to establish status as a potential whistleblower); *Navas v. INS*, 217 F.3d 646, 656–57 (9th Cir. 2000) (requiring evidence of the persecutor's

motive to establish a nexus). Thus, Doni's claim for asylum and withholding relief based on an imputed political opinion fails.[1]

Finally, Doni argues the agency erred in denying his CAT claim because it failed to properly consider all relevant evidence. Again, we disagree. The BIA considered the evidence Doni presented in support of his CAT claim, including specifically noting that his country conditions evidence indicates police corruption and torture occur in Moldova. *See Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 (9th Cir. 2010) (holding it is reversible error only where the BIA *and* immigration judge fail to consider relevant evidence). Nonetheless, the BIA agreed with the immigration judge that Doni failed to establish that he would be "personally singled out for harm rising to the level of torture upon return to Moldova." *See Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009) (requiring a CAT claimant to show that "he is likely to find himself" subject to torture). The record does not compel a contrary conclusion. *See Arteaga v. Mukasey*, 511 F.3d 940, 944 (9th Cir. 2007) (holding substantial evidence review applies to the "BIA's findings

---

[1] Doni was found credible by the agency. There are conflicting decisions from this Court on the applicable standard for reviewing an agency's nexus determination when the applicant is deemed credible. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1022 n.4 (9th Cir. 2010) (explaining that our precedent has applied both de novo and substantial evidence review to nexus determinations where an applicant is deemed credible). We need not address this inconsistency, however, because Doni's claim fails under either standard given the lack of *any* evidence showing the police viewed him as a potential whistleblower.

underlying its determination that an applicant is not eligible for relief under the CAT").

Doni does not dispute that the cell phone at issue in the criminal investigation against him was stolen, which indicates the police had a legitimate reason to investigate; Doni's parents, although extorted for money by the police, have not been physically harmed; the record does not establish that Doni's friends were tortured by police; and the Interpol notice for Doni has been removed and the investigation of him apparently cancelled. While there is evidence from Doni's parents about threatening statements made by police about Doni, this does not compel us to disturb the BIA's finding that the evidence as a whole fails to show "the situation will escalate upon [Doni]'s return to such an extent that he faces a clear probability of being subjected to . . . torture." *See id.*

**PETITION FOR REVIEW DENIED.**